## APPEAL OF THE MAINE DAIRY CO.

Docket No. 4675.    Decided July 26, 1926.

The Commissioner's computation of petitioner's income upon the accrual basis approved.

*J. A. Councillor, C. P. A.*, and *Chester M. Foss, C. P. A.*, for the petitioner.
*John W. Fisher, Esq.*, for the Commissioner.

Before LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency in income and profits taxes for the year 1919, in the amount of $1,126.15, and overassessments for the year 1920 and the fiscal period January 1, to April 30, 1921, in the respective amounts of $33.86 and $92.10, a net deficiency of $1,000.19.

### FINDINGS OF FACT.

The petitioner, a Maine corporation with principal office at Portland, was, during the taxable years in question, engaged in a retail dairy business. It was dissolved in June, 1922.

From the time of its inception, and through the taxable years in question, it has been the accounting practice of the petitioner to maintain a record of individual accounts receivable and payable on loose filing cards. In the general ledger there were maintained an

accounts receivable and an accounts payable account to which there was charged and credited, respectively, usually at the beginning of each year, the aggregate of customers' unpaid accounts and unpaid accounts with creditors. At the close of each year these two general ledger accounts were balanced by credit and debit entries, respectively, in amounts equal to the total sums respectively charged and credited thereto during the year.

Though petitioner's accounting records were otherwise maintained according to the double entry system of bookkeeping, when debit or credit entries were made to the accounts receivable and accounts payable accounts they were made in single entry form; and, since the petitioner computed its net income according to the manner in which it kept its books, and without regard for any outstanding accounts receivable and accounts payable, the increase or decrease during the year in those accounts was not included in the taxable net income reported by the petitioner in its several returns.

On January 1, 1919, the accounts receivable account in the general ledger was charged with the sum of $6,000, representing the total of outstanding accounts receivable at that date, less the aggregate of accounts deemed to have been uncollectible. On December 31, 1919, the account was credited with a similar amount, thereby balancing the account. On January 1, 1920, the account was charged with the sum of $9,979.02, representing the total outstanding accounts receivable at that date without deduction for any uncollectible accounts, and with a further sum of $100.19 on December 31, 1920.

On December 31, 1918, and December 31, 1920, profit and loss account was charged with the respective amounts of $1,110.95 and $2,530, on account of bad debts. Deductions for bad debts were taken by the petitioner in its income and profits-tax returns as follows: 1918—$1,110.95, 1919—$1,979.02, 1920—$2,530.

Inventories were carried on petitioner's books of account as follows:

| | |
|---|---|
| January 1, 1919 | $180.36 |
| January 1, 1920 | 276.80 |
| January 1, 1921 | 510.00 |

Inventories were used by the petitioner in computing the taxable net income reported in the return for the year 1919.

Insurance premiums were paid in advance and were charged to expense on the books of account in equal annual installments over the period of years for which the payments were made. Other expenses were charged to profit and loss at the time of payment without regard to the fact that they may have been incurred in a year other than that in which payment was actually made.

The net income reported by the petitioner in its return for the year 1919 was computed on the basis of a gross income which included only actual cash receipts. To the net income as thus shown in the return the Commissioner has added the sum of $3,979.02, representing the increase in the accounts receivable during the year as indicated by the entries made to the general ledger account under dates of January 1, 1919, and January 1, 1920. Further, the Commissioner has reduced the net income shown by the return by the amount of $2,458.24, representing the increase in the accounts payable during the year.

Real estate was entered on petitioner's books of account under date of January 1, 1914, in the amount of $10,439.16, and there were no other charges nor any credits to this account until December 31, 1919, when, upon the advice of an accountant that the cost of the building foundation should not be carried in a capital account, a credit entry was made thereto in the sum of $2,324.39, thereby reducing the book value of the real estate to $8,114.77. The Commissioner has included real estate in the invested capital, for the years under consideration, at the book value of $8,114.77.

### OPINION.

LITTLETON: Under the provisions of section 212 (b) of the Revenue Act of 1918, the petitioner was required to compute its net income in accordance with the method employed in keeping its books of account; but if the method employed does not clearly reflect the net income the computation must be made upon such basis and in such manner as in the opinion of the Commissioner will clearly reflect the net income. We have found that the petitioner's books of account were maintained upon a somewhat hybrid basis—partly on the receipts and disbursements basis and partly on the so-called accrual basis. The method employed can not and does not clearly reflect the petitioner's net income for the years in question. The Commissioner has exercised the discretionary power conferred upon him by statute and has made the computation of net income upon the accrual basis. In so doing he has treated, so far as we have been able to ascertain, all items of income and expense consistently. In adopting the accrual method as the basis for the computation of net income, the Commissioner has resorted to the method which, in our opinion, most closely approaches that predominating in the petitioner's system of keeping its accounts.

Petitioner raises the further question as to the correctness of the Commissioner's action in adding to net income, as reported in the return, the sum of $3,979.02, representing the increase in the accounts receivable during the year 1919, as indicated by the general ledger entries to the accounts receivable account of January 1, 1919, and

January 1, 1920. As pointed out in our findings of fact, the entry of $6,000 dated January 1, 1919, represented the total outstanding customers' accounts at that date, less the total of accounts which were deemed to be uncollectible, while the entry of $9,979.02, dated January 1, 1920, represented the total outstanding accounts at that date without deduction for any accounts which may have been deemed worthless and uncollectible. The only witness who testified estimated that the total of worthless and uncollectible accounts included in the entry of January 1, 1920, was $3,979.02. If this were true, then a comparison of accounts receivable, after elimination of worthless accounts, at the beginning and close of 1919 would show no increase. But her testimony was not at all convincing that the general ledger entry of January 1, 1920, included any accounts which had actually been ascertained to be worthless and uncollectible during the year, or that it included any accounts antedating the year 1919 which were not included in the entry of January 1, 1919, with which the Commissioner compared the later entry to ascertain the increase in accounts receivable for the year 1919. The record evidence indicates an increase in the accounts receivable for the year 1919 of $3,979.02. Hence, the Commissioner, for the purpose of making the computation of net income upon the accrual basis, was justified in treating this increase as income for that year.

Real estate should be included in petitioner's invested capital at a value of $10,439.16.

> *Order of redetermination will be entered on 15 days' notice, under Rule 50.*