*377 OPINION.
Littleton
: Under the provisions of section 212 (b) of the Revenue Act of 1918, the petitioner was required to compute its net-income in accordance with the method employed in keeping its books of account; but if the method employed does not clearly reflect the net income the computation must be made upon such basis and in such manner as in the opinion of the Commissioner will clearly reflect the net income. We have found that the petitioner’s books of account were maintained upon a somewhat hybrid basis — partly on the receipts and disbursements basis and partly on the so-called accrual basis. The method employed can not and does not clearly reflect the petitioner’s net income for the years in question. The Commissioner has exercised the discretionary power conferred upon him by statute and has made the computation of net income upon the accrual basis. In so doing he has treated, so far as we have been able to ascertain, all items of income and expense consistently. In adopting the accrual method as the basis for the computation of net income, the Commissioner has resorted to the method which, in our opinion, most closely approaches that predominating in the petitioner’s system of keeping its accounts.
Petitioner raises the further question as to the correctness of the Commissioner’s action in adding to net income, as reported in the return, the sum of $3,979.02, representing the increase in the accounts receivable during the year 1919, as indicated by the general ledger entries to the accounts receivable account of January 1, 1919, and *378 January 1, 1920. As pointed out in our findings of fact, the entry of $6,000 dated January 1, 1919, represented the total outstanding customers’, accounts at .that date, less the total of accounts which were deemed to be uncollectible, while the entry of $9,979.02, dated Janu•ary 1, 1920, represented the total outstanding accounts at that date without deduction for any accounts which may have been deemed worthless and uncollectible. The only witness who testified estimated that the total of worthless and uncollectible accounts included in the entry of January 1, 1920, was $3,979.02. If this were true, then a comparison of accounts receivable, after elimination of worthless accounts, at the beginning and close of 1919 would show no increase. But her testimony was not at all convincing that the general ledger entry of January 1, 1920, included any accounts which had actually been ascertained to be worthless and uncollectible during the year, or that it. included any accounts antedating the year 1919 which were not included in the entry of January 1,1919, with which the Commissioner compared the later entry to ascertain the increase in accounts receivable for the year 1919. The record evidence indicates an increase in the accounts receivable for the year 1919 of $3,979.02. Hence, the Commissioner, for the purpose of making the computation of net income upon the accrual basis, was justified in treating this increase as income for that year.
Beal estate should be included in petitioner’s invested capital at a value of $10,439,16.
' Order of redetermination will be entered on 15 days’ notice, imder Rule 50.